UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WANDA R. CLEMONS,<br><br>                Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. 2:18-00824-JAD-PAL<br><br>**ORDER**<br><br>(IFP App – ECF No. 1) |

      Plaintiff Wanda R. Clemons has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) along with a proposed Complaint (ECF No. 1-1). The Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

      Ms. Clemons's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed Complaint.

**II.    SCREENING THE COMPLAINT**

    **A.  Legal Standards**

      After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed

to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678.

Here, Ms. Clemons challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Compl. (ECF No. 1-1) at ¶ 3. To state a valid benefits claim, a complaint must give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *See Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

(N.D. Ill. 2009), *aff'd by* 433 F. App'x 462 (7th Cir. 2011).

**B. Exhaustion of Administrative Remedies**

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id*. *See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

When a federal court remands a case for further consideration, the ALJ's decision becomes the final decision of the Commissioner after remand unless the Appeals Council assumes jurisdiction of the case. 20 C.F.R. §§ 404.983, 404.984(a). A claimant who disagrees with the ALJ's decision in whole or in part may but is not required to file written exceptions with the Appeals Council within 30 days of the decision. 20 C.F.R. § 404.984(b)(1). If no exceptions are filed and the Appeals Council does not assume jurisdiction within 60 days of the decision, the ALJ's decision becomes the final decision of the Commissioner after remand. 20 C.F.R. § 404.984(c), (d).

In this case, Ms. Clemons alleges that on June 1, 2016, the United States District Court for the District of Nevada entered judgment in her and remanded the case back to the Commissioner. Compl. (ECF No. 1-1) ¶ 9; *see also Clemons v. Colvin*, 2:15-cv-00389-APG-VCF, Order (ECF

3

No. 26) (accepting and adopting Report and Recommendation (ECF No. 25)). The ALJ held a remand hearing on June 23, 2017, and entered an unfavorable decision on January 8, 2018. Compl. ¶ 10. The Complaint indicates the ALJ's decision became the final decision of the Commissioner 61 days later. *Id*. Based on these allegations, it appears she has exhausted her administrative remedies. The Complaint indicates that Ms. Clemons resides within the District of Nevada, Compl. ¶ 1, and she timely commenced this action by filing the Complaint on May 8, 2018. Accordingly, she has satisfied these prerequisites for judicial review.

**C. Grounds for Ms. Clemons's Appeal**

The Complaint seeks judicial review of the Commissioner's decision benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint, Ms. Clemons states that she filed an application for supplemental security income and a period of disability insurance benefits on April 16, 2009, alleging disability beginning June 1, 1999. Compl. (ECF No. 1-1) ¶ 6. The ALJ found Clemons to have the severe impairments of degenerative disc disease of the lumbar and cervical spine status post disectomy; diabetes mellitus plus neuropathy of the feet; fibromyalgia; and depressive disorder. *Id*. ¶ 9(a). Despite her severe impairments, the ALJ found that Ms. Clemons had the residual functional capacity to perform

> sedentary work as defined in 20 C.F.R. § 416.967(a) except the claimant could stand and walk two hours in an 8-hour workday and sit for six hours in an 8-hour workday; she [could] perform simple repetitive tasks with reasoning level of 1-2; she is unable to use foot controls due to foot neuropathy; she could have occasional contact with supervisors, coworkers and the general public[.]

*Id*. ¶ 9(b). The ALJ determined that Clemons could not perform past relevant work, but could perform other work. *Id*. ¶ 9(c), (d). Ms. Clemons alleges the ALJ's decision lacks the support of substantial evidence "in finding the consultative examination of Luke Dudley, Ph.D., deserving of

partial weight, since Dr. Dudley's opinion is the only psychological opinion who examined Clemons." *Id*. ¶ 9(e).

The court finds that the Complaint contains sufficient allegations of underlying facts to give the Commissioner fair notice of Clemons's disagreement with the ALJ's final determination. Accordingly, she has stated a claim for initial screening purposes under 28 U.S.C. § 1915.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Wanda R. Clemons' Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Ms. Clemons is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of the Court shall **FILE** the Complaint.
4. The Clerk of the Court shall **ISSUE SUMMONS** to the United States Attorney for the District of Nevada and **DELIVER** the summons and Complaint to the U.S. Marshal for service.
5. The Clerk of Court shall also **ISSUE SUMMONS** to the Commissioner of the Social Security Administration and Attorney General of the United States.
6. Ms. Clemons shall **SERVE** the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.
7. Following the Commissioner's filing of an answer, the court will issue a scheduling order setting a briefing schedule.
8. From this point forward, Ms. Clemons shall serve upon the Commissioner or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading,

motion, or other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate of service.

Dated this 20th day of August, 2018.

```
                                          _____
                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE
```